Good morning, Your Honors, and may it please the Court, Ronald Fisher for Defendant Appellant BraunHagey & Borden LLP. I will endeavor to preserve three minutes of my time for rebuttal. Your Honors, this is a case where a party, a sophisticated international investment fund, entered into a contract and agreed to unconditionally submit to the jurisdiction of the Northern Carolina District Court. However, the court, regarding that transaction, erupted, sought to avoid that concession and waiver by moving to remand to State Court. The District Court's order remanding this case should be reversed because LTC, the appellee here, contractually waived its right to raise procedural objections to the District Court's jurisdiction, including the form defendant rule, and because under this Court's holding in the lively v. Wild under 28 U.S.C. Section 1447C, which also at the same time means that this Court has appellate jurisdiction to review that remand order, also pursuant to the law. So, counsel, I'm looking at the dispute resolution clause 6.15. That's what you're talking about, right? Yes, Your Honor. All right. Tell me where in 6.15 there was a waiver of the right to raise the forum defendant clause, a waiver of the right to raise 1441B2. Sure. There's at least two places, Your Honor. The first would be the first sentence where LTC, quote, irrevocably and unconditionally submitted to the jurisdiction of the United States District Court for the Northern District of California. And an unconditional submission is just that. It has no conditions. There's nothing held back. And so, even if you find that the later subsequent belt and suspenders list doesn't include the forum defendant rule specifically, the fact that that waiver is unconditional is... The defendant couldn't say, wait, $4,000 doesn't work here? Of course not, Your Honor. And that's because parties are prohibited and barred from waiving constitutional jurisdiction in that manner. And that's well-established. However, in Lively Oats... Well, the Constitution doesn't say anything about what the amount in controversy has to be for diversity jurisdiction. But cases have held, Your Honor, that the amount in controversy cannot be waived. And that stands in stark contrast to this Court's opinion in Lively Oats, which expressly held that the forum defendant rule can be waived. The second, I think, basis going to answer your question is the portion that notes that LTC waived the right to claim that the proceeding is brought in an inconvenient forum. And as in the District Court in the Ubo case described, and obviously it's not binding here, but its reasoning is persuasive, that inconvenient forum waiver also reaches and encompasses the forum defendant rule. And the reason for that is to take the exact hypothetical Your Honor just offered, Judge Bennett. If we had filed a declaratory judgment action in the Northern District of California and LTC wanted to dispute that, their remedy would have been to file a forum nonconvenience motion. The forum defendant rule and forum nonconvenience in this instance are two sides of the same coin. And that waiver also should encompass and reach that. So that would be the second argument, I think, to answer your question, Judge Bennett. So under Lively, don't we have to determine basically, or aren't we limited in our jurisdiction to cases where the District Court exceeded the scope of its authority? And if so, you know, how did the Court exceed its authority here? That's right, Judge Thomas. But what Lively held is a little bit more than that. I mean, Lively held specifically, and I'm quoting here, because the forum defendant rule is that 28 U.S.C. 1447d does not bar appellate review of the District Court's remand order, which was based on Wildo's violation of the forum defendant rule. That's at page 936 of that opinion. And that's exactly what happened here. The District Court relied on what it determined to be appellee, excuse me, appellant's violation of the forum defendant rule in issuing its order. And so you certainly have jurisdiction, based on Lively-Oak, to review the order here. Does that answer your question, Judge Thomas? Thank you. As we explained in our briefing, in the blue brief, it's the irrevocable and unconditional submission language that's really the key waiver here. None of the arguments offered in the red brief offer any basis to avoid LTC's waiver. The main argument that LTC makes is that the clause offers both the State Courts of California and the Northern District of California as alternative fora. And that's true. I mean, that's right in the clause. We acknowledge that. But in this instance, LTC is like a child that goes to get ice cream with their mother. And the mother says, what would you like? And they say, well, I would unconditionally submit and accept either chocolate or vanilla. And then mother brings vanilla and the child suddenly wants chocolate. Just as the mother in that instance would say, I'm sorry, you'll have to accept chocolate, here, this court should confirm LTC has to accept the federal forum here. In the context of international transactions, the presence and availability of federal fora to resolve disputes is highly significant. And this is a case where, candidly, there's a lot of novel legal theories being offered here. In your view, do we have to first, in order to decide whether we have jurisdiction, do we have to decide preliminarily whether the district court got it right or wrong on the merits of what the dispute resolution clause says? I think that's right, Your Honor. I think that the jurisdictional question and the merits questions run together. So if we were to decide the district court got it wrong, we would, in your view, have jurisdiction. But if we were to decide that the district court got it right, we wouldn't? I think that is right, Your Honor. I mean, I think that's what Kelton says, and I think that's what Lively says. And that's what the analysis is here. I mean, unless the district court exceeded its authority under 1447D, then it's certainly the case that you do not have jurisdiction. That said, I do think Lively's holding that the forum defendant rule is outside of 1447D, also establishes jurisdiction here. So I don't want to overread that. I mean, I quoted the language at 936. The forum defendant rule, Lively held, is outside of 1447D's ambit. So unless there's some aspect of the district court's order that you believe is relying on something other than the forum defendant rule, we don't understand that to be the case. I think that you have jurisdiction here and can proceed to the merits. With respect to one matter raised in LTC's brief, we saw for the first time in the briefing and opposition here the contention that if an appellant is entitled to enforce the dispute resolution clause, it must also be bound by it. And I just want to respond to that briefly. As an initial matter, that argument was forfeited. It was never presented to the district court. But should you choose to reach it regardless, which we think you should not do, you know, the fact of the matter is that appellant never made a knowing and voluntary relinquishment of its right to a federal forum because it was not a signatory to this contract. And our ability to enforce the dispute resolution clause arises from a different line of cases. That's the Minetti-Ferro case. And here, the allegations and the conduct run expressly to the same transaction that's covered in the SPAW. And we saw some argument in the or attenuated from that transaction to be subject to the rule of Minetti-Ferro. We think that's really not the case. I can run through some record sites if you like. LTC's own complaint alleges that appellant was tasked with managing all aspects of the transaction. That's in the record at 168, 169. They allege that they relied on appellant to facilitate the transfer of funds to complete the stock purchase. That's at 169 in the record. And that appellant allegedly agreed to serve as an escrow agent for LTC as part of the transaction. That's at ER 170. They also expressly acknowledged in the SPAW the facts that appellant represented their adverse counterparty. That's at ER 195 at section 6.14 of the SPAW. And they made the same admission in their motion for remand that appellant provided legal representation to the Texas start-up in the transaction. That's at page 84 of the record. And ultimately, Your Honor, what I'll leave you with before I reserve the remainder of my time for rebuttal is that it's ultimately fair to enforce the clause here. They had every expectation when they entered into this contract that disputes arising out of this transaction would arise and be resolved in the Northern District of California. Their counterparty was a Texas entity headquartered in Texas. And the mere fact that they are seeking to find additional pockets to reimburse themselves for what candidly we think the district court will find to be their own error doesn't justify or warrant departing from that agreement at the outset of this transaction. And with that, I'll reserve the remainder of my time for rebuttal. All right. Thank you, Your Honors. May it please the Court, I'm Sanjit Ganjam, appearing on behalf of LTC BVI Limited. I'm joined by my partner, Joel Zeldin. The district court reached the correct result here. But before I get into my very brief presentation, I would like to address an argument that my friend, Mr. Fisher, made. LTC did not waive any arguments on appeal. LTC argued in the district court that if Braunhage is allowed to invoke Section 6.15, it must do so in its entirety, including the part that gives the filing party the option to choose the form to file it, as between State Court of California and the Northern District of California. We made this argument specifically in our motion to remand, excerpt of record, page 78, lines 11 through 12, the SBA, the Stock Purchase Agreement, gives the choice of form to the filing party, and LTC chose State Court, excerpt of record 86, lines 6 through 7. Given that Section 6.15 expressly permits claims to be brought in State Court, it is BHB, Braunhage and Borden, that contested form in violation of that provision. Is there anything in 6.15 that says, and a party can't remove a case filed in Superior Court? No, there isn't, Your Honor. And that could have been in there. Correct, Your Honor. And go ahead. In fact, Your Honor, I think it would be helpful for me to walk through Section 6.15 and comment on its specific provisions here, because it doesn't provide, it doesn't mandate federal form as Braunhage would have you believe. The parties, A, subsection A, hereby irrevocably and unconditionally submit to the jurisdiction of the State Courts of California and to the jurisdiction of the Northern District of California for purposes of any suit, action or proceeding. I'm going to skip ahead. Subsection B, the parties agree not to commence any suit, action or any other proceeding arising out of or based upon this agreement, except in the State Courts of California or the Northern District of California. It's disjunctive. That's what LTC has done here. Filer has the choice. LTC chose to initiate the suit in State Court. Now, setting aside for a minute whether Braunhage can, as a non-party to this agreement, invoke 6.15 against LTC, it's a question I'll return to in a minute. LTC has not actually waived any right to file suit in State Court under this provision or the right to remand under this provision, which is what the District Court found. Now, what Braunhage would have you do is ignore the first two subsections of 6.15 and focus out of context on subsection C, which provides the parties hereby waive and agree not to assert any claim that it is not subject personally to the jurisdiction of the foregoing courts. Let me stop right there. Foregoing courts, that's the State Courts of California and the Northern District of California, and we've chosen to file in State Court of California. Let me interrupt you for a second. You would agree that a party may waive the Forum Defendant Rule, correct? Yes, Your Honor. A party may waive the Forum Defendant Rule. Of course, here, this is a non-party. I'm not saying you didn't. I just want to make sure that we're on the same page on that. Your argument is that, A, they're a non-party, and, B, this doesn't waive. Correct, Your Honor. The Forum Defendant Rule is not jurisdictional. It's a procedural rule, and under Lively, it is waivable, and it is reviewable on appeal, which is another question that you would ask counsel. So … Well, Lively dealt with the authority of the district court primarily, right? I'm sorry. I couldn't hear your question. Lively dealt with the authority of the district court, and your — I gather your position is that, because it was within the time limit, that the district court did have the authority in this case. Well, what Lively specifically held was that the statute — I believe it's USC 1447D — limits the appeal of orders to remand when it's based on jurisdiction or for improper procedure. And what Lively found was that a remand based on the Forum Defendant Rule is neither of those. It's a procedural matter which can be waived and, therefore, reviewable on appeal immediately. And that's why we're before you. So you don't see any limitation in a Lively decision? I don't, Your Honor. Okay. Thank you. And we took that position in our papers. Not for purposes of appeal, for jurisdiction to hear this appeal. So, just returning to 6.15, subsection C provides the parties hereby waive any claim that the suit action or proceeding is brought in an inconvenient form or that the venue of the suit action or proceeding is improper. Now, subsection C has to be read within the context of the larger 6.15, which provides the filer can choose between state court and the Northern District of California. This is where the sleight of hand comes in. LTC is the filer here, did not waive its right to file suit in state court, and it is not the party challenging the form here. Braun Hagee is not a party and, therefore, must derive its rights from one of the parties to this form selection clause. Braun Hagee is the one that challenged form in the first instance by improperly removing it to federal court. So, if Braun Hagee is permitted to invoke 6.15, it cannot selectively enforce it. It must enforce it as written, and it must place itself in the shoes of one of the contracting parties through which it purports to derive its rights, which, in this case, is Al Dorsey, the counterparty. So it is Braun Hagee that is attempting to challenge form here in the first place. There is simply no authority supporting Braun Hagee's argument that it can invoke a part of a form selection clause but ignore the remainder of it. Moreover, the waiver language here is very specific. It's the waiver of a claim that the form is inconvenient or that the venue is improper. Remand on the basis of the foreign defendant rule is neither of those. It's a rule that preserves the ability of a diverse plaintiff to choose state or federal court. Now, LTC chose state court, as it is entitled to do under this section. And the district court correctly found that this selection, this section, contains no waiver of the foreign defendant rule or the right to remand. Now, on the second issue of whether Braun Hagee can invoke the dispute resolution provision in the first instance, I'll briefly mention the Minetti-Ferro case makes it clear that the claims against a non-party must be closely related to the contract in order for that non-party to have standing to invoke the contract's form selection clause. Braun Hagee is not a third-party beneficiary here. He is not a successor in interest to Outdoorsy, which is the counterparty here. The only other situation that's discussed in case law is a party that's an agent of the contracting party that is intended to benefit from the contract's provisions. And a typical example of this is an officer of the company who is sued for tortious interference based on the duties and obligations of the party contained in the contract. This is a limited agency. It's not all agents. Braun Hagee is not an agent intended to benefit from the contract. It drafted the contract and facilitated payment for the transaction, but that's it. LTC's claim that Braun Hagee is that it was negligent in maintaining the basic security of its email communications. That allowed perpetrators to steal $2.8 million that was intended for Outdoorsy. Claim has nothing to do with the terms and the conditions of the SBA. It doesn't require the court to interpret any provision in the SBA. The only connection to the SBA is that the stolen funds were earmarked for the transaction. Now, expanding the universe of non-parties who could invoke a form selection clause would completely subvert the expectations of the parties here. By Braun Hagee's logic, any lawyer that participates in the drafting of an agreement could invoke that agreement's form selection clause or other dispute resolution provisions contained therein. That would mean if Outdoorsy sues Braun Hagee for malpractice, Braun Hagee could enforce that supposed form waiver against Outdoorsy as a party to the agreement. That's a result that nobody bargained for here. District Court correctly decided that there was no waiver of the right to remand. This panel should also find that Braun Hagee cannot invoke 6.15 as a non-party to that to choose the form as the filing party. With that, if your Honors have any questions, I'd be happy to answer them. Thank you. Thank you, Your Honors, I'll endeavor to be brief. I heard my friends contend that we want you to only read Section C of the dispute resolution clause, 6.15, but nothing could be further from the truth. We think that the Section A is crucial here and informs everything. LTC irrevocably and unconditionally submitted to the jurisdiction of the Northern District of California, unconditionally. And so, Judge Bennett, you asked a question, well, there is no limiting language carving out removal rights, and when you have that unconditional adverb in there, if they wanted to carve that out, that needed to be done, because otherwise, the waiver is unconditional. And so, we are not asking you to read Section C in isolation, we're asking you to read the clause. Unconditional means just that, and there is no carve out. With respect to, you know, was appellant here intended to benefit from the dispute resolution clause? We clearly were, Your Honor. I mean, you have a Texas counterparty headquartered in Texas, that is the counterparty to LTC in this transaction. LTC is a British Virgin Islands entity based in London. The reason the Northern District of California is selected is because the Texas Startups attorneys, Brown, Hagee, and Borden, were located in the Northern District of California. That's exactly why that was selected, were the entire reason for that. I heard some suggestion that we do not qualify under the Minetti and Holland America cases. Whoa, excuse me just a moment. And again, I would just encourage, Your Honors, of course, you will read all those cases, but I just want to quote some language from the Holland America case, in which the analysis there found that third parties were entitled to enforce a form selection clause, a dispute resolution clause. And the reason that this court gave for permitting that is because, quote, any transactions between those entities and the party to the litigation took place as part of the larger contractual relationship. And that's exactly what happened here. The reason that appellant and LTC had any interaction was because of the transaction that's governed by the SPA. And so there's no question that under Minetti, Farrow, and Holland America, Brown, Hagee, and Borden ought to be entitled to enforce the provision. But again, I just want to return to the core equitable point and to wrap up there. It's entirely fair and reasonable to require LTC to abide by its prior waiver and litigate in the federal forum. It's extremely important in international transactions for the federal forum to be available. That's why parties contract for it. That was the expectation here, where you had two parties where, you know, a Texas counterparty and a British Virgin Islands entity, they're not going to end up in the state courts of California most likely. And so... So the district court relied heavily on the fact that the language did not provide for exclusive federal jurisdiction and distinguish your cases on that basis. What's your response to that? Well, I think I would return to my analogy. I think the error there is that we're not containing there is a problem with the selection of the forum, but that there was not an enforcement of the waiver. And so I would return to my analogy of the child with her mother choosing either vanilla or chocolate. I will unconditionally submit to either. Well, if mom comes back with chocolate, you can't complain you didn't get vanilla. And that's what happened here. And that's the difference. The fact that some of those cases exclusively provided for federal jurisdiction if available doesn't matter here, because all we're asking is for LTC's waiver to be enforced. And that would be my answer to your question, Judge Thomas. Thank you, Your Honors. Thank you. We thank counsel for their arguments and the case just argued will be submitted.
judges: THOMAS, BENNETT, THOMAS